O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAMPAL SINGH NAKAI,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>PERSONAL PROBATION OFFICER,<br>and MATTHEW CATE, Director,<br><br>　　　　　Respondents. | Case No. ED CV 11-1139-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Petitioner Karampal Singh Nakai filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on July 20, 2011. This matter comes before the court on respondents' motion to dismiss the petition for failure to exhaust state remedies. All parties having consented to proceed before the assigned magistrate judge, and with briefing completed, the matter is ready for decision.

Because, at a minimum, the petition is mixed and may very well be fully unexhausted, the motion to dismiss will be granted. Further, because petitioner's one arguably exhausted claim is barred from relitigation in federal courts and petitioner has failed to show the good cause necessary for a stay pursuant to *Rhines v. Weber*,

544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the petition will be denied and the action dismissed without prejudice.

## II.

## **PROCEEDINGS**

On June 6, 2008, a Riverside County jury found petitioner guilty of two counts of attempting to send harmful matter to a minor with the intent to seduce the minor (Cal. Penal Code §§ 664, 288.2(a)). CT at 258-59. On August 29, 2008, the trial court sentenced petitioner to 270 days in the custody of the Riverside County Sheriff and thirty-six months of formal probation. CT at 282.

Petitioner filed a petition for direct review in the California Court of Appeal. Lodg. 3. On April 2, 2010, the California Court of Appeal affirmed petitioner's conviction. Lodg. 7.

Petitioner then filed a petition for review in the California Supreme Court on May 17, 2010, arguing: (1) because petitioner had a reasonable expectation of privacy in email conversations, the trial court's refusal to exclude petitioner's internet communications from evidence violated Cal. Penal Code § 632, which requires the exclusion of recordings of confidential communications made without the joint knowledge and consent of the participants; (2) the trial court erred in refusing to give a lesser-included offense jury instruction when it ignored substantial evidence that a reasonable jury could find petitioner guilty of the lesser-included offense; and (3) venue was not proper in Riverside County. Lodg. 8 at 4-15. On July 21, 2010, the California Supreme Court denied the petition without comment. Lodg. 9.

Petitioner filed the instant federal habeas petition on July 20, 2011. He raises the following grounds for relief: (1) the trial court's refusal to instruct the jury on a lesser-included offense violated petitioner's Sixth Amendment right to a jury trial; (2) the trial court's refusal to give the lesser-included offense instruction violated

2

petitioner's Fourteenth Amendment right to due process; (3) the arbitrary deprivation of petitioner's statutory right to have confidential communications violated petitioner's Fourteenth Amendment right to due process; (4) the trial court's admission of petitioner's confidential communications violated his Fourth Amendment right to be free of unreasonable seizures.  Pet. at 5-6; Mem. in Supp. of Pet. at 4-21.

## III.

## DISCUSSION

### A. The Petition Must Be Dismissed Without Prejudice Because, at a Minimum, the Petition Is a Mixed Petition

It is well established that, before a state prisoner may challenge his state conviction in federal court via a federal habeas petition, he must first exhaust his federal grounds for relief in state court. 28 U.S.C. § 2254(b); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts, "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (internal quotation marks and citation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (citations omitted).

To "fairly present" a federal claim to the state's highest court, the petitioner must alert that court to the claim in the brief or petition presented to that court. *Baldwin*, 541 U.S. at 31-32. A state prisoner does not "fairly present" a claim to a state court if that court must read beyond the petition or a brief to find material, such

as a lower court opinion in the case, that does so. *Id.* Further, the petitioner must describe both the federal legal theory and the operative facts to the state court so that court has a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (per curiam) (citation omitted). In describing the federal legal theory to the state court, a petitioner must identify the specific federal claim; general appeals to a constitutional guarantee as broad as due process are insufficient to fairly present the "substance" of a federal claim to a state court. *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

      Here, having carefully reviewed the claims raised in the petition for review in the California Supreme Court and compared them to the claims asserted in the instant federal petition, it is apparent petitioner failed to raise any of his four asserted grounds for federal habeas relief in the California Supreme Court. *Compare* Pet. at 5-6; Mem. in Supp. of Pet. at 4-21 *with* Lodg. 8. Current Grounds One and Two – contending that the failure to give the lesser-included offense instruction violated the Sixth and Fourteenth Amendments – were simply not presented to the California Supreme Court. Although petitioner's California Supreme Court petition did raise a lesser-included offense claim, it cited only California law and did not reference in any way the federal Sixth Amendment right to trial by jury or the federal Fourteenth Amendment right to due process of law. Likewise, although petitioner argued to the California Supreme Court that his confidential email communications should have been excluded, the federal legal theories underlying Grounds Three and Four in his instant federal petition – that his Fourteenth and Fourth Amendment rights have been violated – were not presented to the California Supreme Court.

      Petitioner concedes that he did not invoke the Sixth or Fourteenth Amendments in his state court petition. Opp. at 2. But he argues that these federal issues should

have been clear on the face of the petition to the state court because improper jury instructions generally violate the Sixth Amendment, and a trial court's failure to give lesser-included offense instructions or suppress evidence generally violates the Fourteenth Amendment. Opp. at 2-3. These arguments are unpersuasive. Petitioner cites *Tamapua v. Shimoda*, 796 F.2d 261, 263 (9th Cir. 1986), for the proposition that asserting a state law claim that is "essentially the same" as a federal constitutional claim is sufficient to satisfy the exhaustion requirement. Opp. at 3. But *Tamapua* was decided before the Supreme Court decided *Duncan*. As the Ninth Circuit subsequently recognized, "[a]fter *Duncan*, *Tamapua*'s 'essentially the same' standard is no longer viable." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). Here, petitioner simply did not fairly present his constitutional claims to the California Supreme Court.

     The only current ground that might even arguably be exhausted is Ground Four, contending that the admission of private chat room conversations against petitioner violated the Fourth Amendment. Petitioner's petition for review to the California Supreme Court cited *Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967), in arguing that petitioner had a reasonable expectation of privacy in his internet chat room conversation. *See* Lodg. 8 at 5. In *Katz*, the United States Supreme Court held that the government's electronic surveillance constituted an unreasonable search and seizure in violation of the Fourth Amendment. *Katz*, 389 U.S. at 354-59. But although petitioner cited to *Katz* in his petition to the California Supreme Court, he certainly did not "fairly present" a Fourth Amendment claim to that court. Instead, the argument that he fairly presented was that the trial court failed to abide by California Penal Code § 632.

     In any event, even if this one case citation were sufficient to give the state court adequate notice of an implied Fourth Amendment claim, the petition would still be

5

subject to dismissal as a "mixed" petition improperly containing both exhausted and unexhausted claims. A mixed petition is subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Normally, the district court must give the petitioner the choice of returning to state court to exhaust his claims or of amending the habeas petition to present only exhausted claims to the district court before dismissing a mixed petition. *Jefferson v. Budge*, 419 F.3d 1013, 1015-17 (9th Cir. 2005). But because, as discussed below, petitioner's sole arguably exhausted claim is barred from relitigation in federal court in any event, allowing him to amend to proceed on only this arguably exhausted claim would be fruitless.

**B.     Petitioner's Sole Arguably Exhausted Claim Is Barred Because Petitioner Received a Full and Fair Opportunity to Litigate His Fourth Amendment Claim**

A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *see also Woolery v. Arave*, 8 F.3d 1325, 1326 (9th Cir. 1993). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citations omitted).

Petitioner received an opportunity for full and fair litigation of his Fourth Amendment claim in the state courts, and fully availed himself of that opportunity. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (California Penal Code section 1538.5 provides a defendant with a "full and fair" opportunity to litigate a Fourth Amendment search and seizure claim in state court); *see also Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981) (petitioner received full and fair opportunity to

1  litigate where issues were briefed and were considered by state courts). "All *Stone v.*
2  *Powell* requires is the initial opportunity for a fair hearing." *Caldwell v. Cupp*, 781
3  F.2d 714, 715 (9th Cir. 1986) (citation omitted). "Such an opportunity for a fair
4  hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial
5  court's subsequent course of action." *Id.* (citations omitted). Because petitioner
6  received the opportunity to brief and be heard on his Fourth Amendment claim, habeas
7  relief is foreclosed. *Id.*

8       Petitioner recognizes that conflict among the circuits exists regarding how
9  egregious the breakdown in the state procedure must be before the federal courts will
10 entertain Fourth Amendment claims on habeas review. *See* Pet. at 19-20. Despite
11 noting the Ninth Circuit standard barring claims if petitioner had the opportunity to
12 raise his claim even if the state court reached the incorrect result (*Ortiz-Sandoval*, 81
13 F.3d at 899), petitioner asks this court to apply the Tenth Circuit standard, which
14 disregards the bar on relitigation if the state courts willfully refused to apply the
15 correct standard. Pet. at 20 (citing *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th
16 Cir. 1978)). As petitioner's counsel must realize, however, this court sits in the Ninth
17 Circuit and is bound by Ninth Circuit precedent. *Zuniga v. United Can Co.*, 812 F.2d
18 443 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own
19 circuit, and are not to resolve splits between circuits no matter how egregiously in
20 error they may feel their own circuit to be.") (quotation and internal citation omitted).
21 Therefore, this court is not at liberty to apply the Tenth Circuit standard.

22      In this circuit, our inquiry is whether petitioner had the opportunity to litigate
23 his Fourth Amendment claim in the state courts, not whether the state courts erred in
24 failing to suppress the evidence at issue. *Ortiz-Sandoval*, 81 F.3d at 899. Petitioner
25 acknowledges he was given such an opportunity. *See* Pet. at 20. Petitioner objects to
26 the trial court's "bold and sweeping declaratory ruling" (*id.*) that "to believe . . . an

unknown person [on the internet will] hold in confidence the [email] communication . . . is entirely unrealistic and irrational to believe." RT at 27. But any allegation that the state court's factual findings were not supported by the evidence fails to demonstrate that petitioner lacked a full and fair opportunity to litigate his Fourth Amendment claims in state court. *See Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005); *see also Mack v. Cupp*, 564 F.2d 898, 901-02 (9th Cir. 1977) (even where state court mistakenly recited and relied on facts that did not exist, *Stone v. Powell* barred relief). "Under *Stone* a federal district court may not relitigate a fourth amendment issue tried fully and fairly in a state court, regardless of its view of the correctness of the state decision." *Mack*, 564 F.2d at 901; *accord Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994) ("the correctness of the state court resolution [of a Fourth Amendment claim is] an issue which *Stone v. Powell* makes irrelevant").

As discussed above, the court finds that petitioner did not exhaust any of his grounds for relief, including Ground Four. But even if the court had found Ground Four exhausted, because Ground Four is barred from reconsideration in federal court, petitioner could not be prejudiced by not being given the opportunity to proceed on only Ground Four.

### C. **Petitioner Has Failed to Establish Good Cause for a Stay**

Petitioner asks the court to hold this action in abeyance pursuant to *Rhines*, should the court conclude that the petition is mixed. Opp. at 3-4. Petitioner has raised no arguments in support of his request, but simply notes the court has discretion to employ the stay procedure. *Id.* at 4.

A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Additionally, a stay is not warranted "when the

unexhausted claims are plainly meritless[,] or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78.

Here, petitioner has not made any attempt to demonstrate why he failed to exhaust all of his claims before filing in this court. As such, petitioner has failed to establish good cause warranting a stay under *Rhines*.

Accordingly, the petition should be dismissed without prejudice to petitioner reasserting Grounds One through Three in a future habeas petition, after he has exhausted his state court remedies and his state habeas proceedings have concluded.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that respondents' motion to dismiss is granted, and Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: February 6, 2012

_____
SHERI PYM
United States Magistrate Judge